FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★         ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THOMAS P. JACKSON,

                      Petitioner,

           -against-

CRAIG APKER, Warden, F.C.I. Otisville,
ROSLYNN R. MAUSKOPF, United States
Attorney, Eastern District of New York,
and UNITED STATES OF AMERICA,

                      Respondents.
----------------------------------------------------------X

07 CV 1324 (SJ)

**MEMORANDUM AND ORDER**

APPEARANCES:

THOMAS P. JACKSON
#59535-053
F.C.I. Otisville
P.O. Box 1000
Otisville, New York 10963
Petitioner, *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
One Pierrepont Plaza
Brooklyn, New York 11201
Attorney for Respondent

JOHNSON, Senior District Judge:

      Thomas P. Jackson ("Petitioner"), *pro se*, has petitioned this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255 ("§ 2255"). For the reasons set forth below, the motion is denied.

P-049

## BACKGROUND

Following his conviction at trial on two counts of bank robbery in violation of 18 U.S.C. § 2113(a), on April 2, 2004 Petitioner was sentenced by this Court to 140-months imprisonment and three years supervised release, to run concurrent to Petitioner's New York State sentence of three and one-half to seven years incarceration on an unrelated New York State burglary conviction. (See Docket 01-CR-95, Entry 56.) Judgment was entered on April 20, 2004. (See id., Entry 53.) That same day, Petitioner appealed the judgment to the United States Court of Appeals for the Second Circuit, contending that he was prejudiced by the Court's erroneous jury instructions, and the Court's guidelines-determined sentence constituted a Sixth Amendment violation. On June 1, 2004, while the appeal to the Second Circuit was pending, this Court entered an amended judgment to correct the statement of reasons. On February 28, 2005 the Second Circuit entered judgment on the appeal, rejecting all of Petitioner's claims except the Sixth Amendment challenge to the sentence, which was remanded to this Court for further proceedings consistent with the order. The Second Circuit mandate issued on March 21, 2005 and was entered on April 1, 2005. On remand, this Court entered a second amended judgment on June 8, 2005. Petitioner did not seek additional review of this Court's second amended judgment.

P-049

On March 16, 2007, Petitioner motioned this Court for a writ of habeas corpus pursuant to § 2255.[1] On June 20, 2007, Petitioner filed a second § 2255 petition alleging substantially identical claims to his original petition. Both § 2255 petitions have been filed under docket number 07 CV 1324, and the Court will construe Petitioner's second § 2255 motion as a motion to amend his original § 2255 motion.[2] In his motion, Petitioner claims this Court "lacked both in [sic] personam and subject matter jurisdiction to try or charge or to convict petitioner" because the Prison Litigation Reform Act and the Antiterrorism Effective Death Penalty Act are unconstitutional mandates, and Petitioner seeks dismissal of his indictment and immediate release from custody. (Amend. Pet. at 13.)

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, a request for relief pursuant to § 2255 is generally subject to a one-year statute of limitations.

---

[1] Though Petitioner's habeas petition was filed by this Court on March 22, 2007, the Supreme Court held that a petition for a writ of habeas corpus, or an appeal of a denial of such a petition, is filed as of the date it is deposited with the prison mail system. See Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] See Ching v. United States, 298 F.3d 174, 177 (2d Cir.2002) ("[W]hen a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion.").

P-049

Section 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence.

28 U.S.C. § 2255. A conviction becomes final, for the purposes of § 2255, when the Supreme Court either affirms a conviction on the merits on direct review, denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires. See Clay v. United States, 537 U.S. 522, 527 (2003). A petition for a writ of certiorari to review a decision by a United States Court of Appeals must be filed within ninety days after entry of judgment. See id. at 525; see also Sup.Ct.R. 13(1). Time to file a petition for writ of certiorari with the United States Supreme Court runs from the date of entry of judgment or order sought to be reviewed, and not from the date of issuance of the mandate. See Sup.Ct.R. 13(3). However, "if a court reverses a conviction or sentence and remands to the district

4

court, the judgment of conviction becomes final when the district court acts on remand and the time has passed for appealing the district court's action." Izzo v. United States, No. 00 CV 4087 (SJ), 2006 WL 1026718, at *5 (E.D.N.Y. April 14, 2006); see also United States v. Colvin, 204 F.3d 1221, 1225-26 (9th Cir.2000); Richardson v. Gramley, 998 F.2d 463, 465 (7th Cir.1993) ("A judgment is not final if the appellate court has remanded the case to the lower court for further proceedings, unless the remand is for a purely 'ministerial' purpose, involving no discretion, such as recomputing prejudgment interest according to a set formula.").

This Court entered a second amended judgment on June 8, 2005. Petitioner had 10 days after "the entry of either the judgment or order being appealed," in this case his June 8, 2005 second amended judgment, to file a notice of appeal with the Second Circuit. Fed.R.App.P. 4(b)(1)(A). Petitioner did not file such an appeal. Therefore, Petitioner's conviction became final for the purpose of filing a § 2255 petition on June 22, 2005, the last date upon which he was could file a notice of appeal of this Court's second amended judgment. However, Petitioner did not file the instant petition until March 16, 2007, well after the one year statute of limitations for filing a § 2255 petition had expired. Even if this Court calculates the one-year statute of limitation period using the date the Second Circuit entered judgment on the appeal, the petition would still be time-barred. The Second Circuit entered judgment on February 28, 2005. Therefore, the conviction became final on

5

P-049

May 30, 2005, 90 days after the date on which the judgment was entered. As stated above, Petitioner did not file the instant petition until March 16, 2007, well over a year after the conviction became final.

## CONCLUSION

For the reasons stated herein, the Petitioner's § 2255 petition is hereby denied as untimely. Further, a certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: July 3 , 2007
Brooklyn, New York

/s/(SJ)
Senior United States District Judge

P-049